# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>ADRIAN REYES, an individual;<br>NORMA CHAVIRA, an individual;<br>DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　Defendants. | CASE NO. 12cv567 WQH (DHB)<br><br>ORDER |

HAYES, Judge:

　　On August 5, 2011, Plaintiff initiated this action by filing a Complaint for Unlawful Detainer in the Superior Court of California for the County of San Diego, where it was assigned case number 37-2011-00046197-CL-UD-CTL. (ECF No. 1-1 at 8). The Complaint alleges that Plaintiff is entitled to possession of real property located at 1619 Mary Lou Street, San Diego, California 92102. The Complaint alleges that Plaintiff served Defendants with written notice requiring them to vacate the property, and Defendants failed to vacate the property. The Complaint alleges a single claim for unlawful detainer under California law.

　　On August 17, 2011, Defendants Adrian Reyes and Norma Chavira, proceeding *pro se*, removed the action to this Court. (ECF No. 1). The Notice of Removal alleges that federal question jurisdiction exists because "Defendant filed a demurrer to the Complaint based on defective notice, i.e., the Notice to Occupants to Vacate Premises, failed to comply with the Protecting Tenants at Foreclosure Act [12 U.S.C. § 5220]." (ECF No. 1 at 2).

On March 14, 2012, Plaintiff filed a Motion to Remand. (ECF No. 4). Plaintiff contends that subject matter jurisdiction does not exist because federal question jurisdiction is established by the claims in the complaint. Plaintiff contends that the matter was not timely removed.

To date, Defendants have not filed a response to the Motion to Remand.

A defendant may remove a civil action from state court to federal court based on either federal question or diversity jurisdiction. *See* 28 U.S.C. § 1441. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.... [T]he existence of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quotation and citation omitted). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." *Id*.

The sole basis for federal jurisdiction stated in the Notice of Removal is that Defendants have a defense to the Complaint based upon Plaintiff's alleged failure to comply with a federal statute. "[T]he existence of a defense based upon federal law is insufficient to support [federal] jurisdiction." *Wayne*, 294 F.3d at 1183. The Notice of Removal does not adequately state a basis for federal subject-matter jurisdiction.

Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED for lack of subject-matter jurisdiction to the Superior Court of California for the County of San Diego, where it was originally filed and assigned case number 37-2011-00046197-CL-UD-CTL.

IT IS SO ORDERED.

DATED: April 25, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge